The COMMERCIAL NATIONAL BANK OF KANSAS CITY and the Boatmen's National Bank of St. Louis, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

No. KC–2259.

United States District Court D. Kansas.

Dec. 23, 1966.

Homer Davis, Leavenworth, Kan., Robert B. Langworthy and John R. Cleary, of Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, Mo., and Charles C. Allen, Jr., of Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for plaintiffs.

Newell A. George, U. S. Atty., and Thomas E. Joyce, Asst. U. S. Atty., Kansas City, Kan., Mitchell Rogovin, Asst. Atty. Gen., and Jerome Fink and Giora Ben-Horin, Attys., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OF DECISION

ARTHUR J. STANLEY, Jr., Chief Judge.

This action to recover a refund from the defendant of certain federal estate taxes is brought by the plaintiffs under the provisions of 26 U.S.C.A. § 2055(a) (2). The facts required to accomplish a complete determination of the issues presented by this controversy are not in dispute, and the case is now before this court upon motion by both plaintiffs and by defendant for summary judgment. This suit being one against the United States for the recovery of an internal revenue tax alleged to have been erroneously and illegally collected, this court has jurisdiction. 28 U.S.C.A. § 1346(a) (1).

The undisputed facts so far as pertinent to the issues now before the court are as follows: By inter vivos trust agreement executed June 19, 1954, Frank E. Washburn placed in trust the major portion of his estate. That agreement provided that he, the settlor, should receive the income therefrom until his death; thereafter the income to go to his wife, should she survive him for her natural life, and at her death the principal to be distributed as follows: two-thirds to four nephews of the settlor and the remaining one-third to be divided equally between two corporations. These latter two beneficiaries are of the kind referred to by the provisions of 26 U.S. C.A. § 2055(a) (2). After the death of the settlor, and in assessing the federal estate taxes due from his estate, the defendant disallowed a claim by the plaintiffs for a deduction from the gross value of the estate the aforementioned one-third of the principal of the trust to be distributed to "charitable" or "educational" corporations. The appropriate administrative procedures having been followed with respect to the disallowance of this claim, the plaintiffs filed this suit

for refund in the amount of $19,614.05 with interest.

■ There is no question that, where a trust is created providing for the distribution of all or a part of the principal to a charitable corporation at the termination of the trust, the amount of such transfer may be deducted from the value of the gross estate for estate tax purposes under § 2055(a)(2). The controversy here arises out of a provision in the trust agreement permitting invasion of the principal by the trustee for the benefit of the surviving spouse of the settlor. This provision is set out in full:

"5. In the event that the Grantor's wife, Lucy Tullock Washburn, shall survive the Grantor, and the Trust Estate hereby created shall not have theretofore been terminated, then in that event, if at any time or times during the lifetime of the Grantor's said wife, some emergency or contingency shall arise making it necessary or advisable in the sole judgment of the Trustee to pay or distribute to or apply for the benefit of the Grantor's said wife for her comfort, welfare, contentment and happiness, a portion or portions of the principal of said Trust Estate, the Trustee shall have full power and authority to pay or distribute to her, or to use or apply for her benefit for her comfort, welfare, contentment and happiness, such portion of the principal of said Trust Estate as the Trustee in its sole discretion shall deem necessary or advisable in all of the circumstances then existing. In determining the necessity or advisability of making such payments or distributions out of principal to the Grantor's said wife from the Trust Estate, the Trustee may take into consideration other income and cash resources available to the Grantor's said wife, and the Trustee shall take into consideration that said Trust Estate is created by the Grantor for the purpose and with the intention of providing for the comfort, welfare, contentment and happiness of the Grantor's said wife throughout her lifetime, and

in order that she may continue to live in the manner in which she has been accustomed to live; and that while said Trust Estate should not be depleted by payments or distributions from principal to the extent that the carrying out of said purposes and intentions will be endangered so long as the Grantor's said wife shall live, her enjoyment of the benefits of said Trust Estate should be considered as paramount to the conserving of assets in said Trust Estate for the benefit of the distributees hereinafter named in * * * this Trust Agreement."

The inclusion of this provision in the trust agreement caused the defendant to disallow plaintiffs' claim for a deduction of the transfer of one-third of the principal of the trust to certain charitable corporations. The question presented, then, is whether the value of a charitable transfer allowable as a deduction for federal estate tax purposes may be disallowed where, the charitable corporation being the distributee of the principal of a trust, the trust permits invasion of the principal of the trustee for the benefit of the life beneficiary.

■ As has already been noted, the provisions of 26 U.S.C.A. § 2055(a)(2) would permit the deduction sought by plaintiffs absent the provisions permitting invasion of the corpus by the trustee. However, where such a provision is incorporated in the trust agreement, the Internal Revenue Regulations (§ 20.2055–2) provide as follows:

"(a) *Remainders and similar interests.* If a trust is created or property is transferred for both a charitable and a private purpose, deduction may be taken of the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the noncharitable interest. * * * Thus, if money or property is placed in trust to pay the income to an individual during his life, or for a term of years, and then to pay the principal to a charitable organization, the present value of the remainder is deductible. * * *

"(b) *Transfers subject to a condition or a power.* \* \* \* If an estate or interest has passed to or is vested in charity at the time of a decedent's death and the estate or interest would be defeated by the performance of some act or the happening of some event, the occurrence of which appeared to have been highly improbable at the time of the decedent's death, the deduction is allowable. If the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, devised, or given by the decedent, the deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of the power. \* \* \*."

In determining the manner in which § 2055 and the Internal Revenue Regulations pertinent thereto are to be applied to charitable transfers such as that presented by the facts in this case, the Supreme Court has held that:

"For a deduction under § 303(a) (3) [now § 2205(a) (2)] to be allowed, Congress and the Treasury require that a highly reliable appraisal of the amount the charity will receive be available, and made, at the death of the testator. Rough guesses, approximations, or even the relatively accurate valuations on which the market place might be willing to act are not sufficient. [citing] Only where the conditions on which the extent of invasion of the corpus depends are fixed by reference to some readily ascertainable and reliably predictable facts do the amount which will be diverted from the charity and the present value of the bequest become adequately measurable." Merchants Nat. Bank of Boston v. Commissioner of Internal Revenue, 320 U.S. 256, 261, 64 S.Ct. 108, 111, 88 L.Ed. 35 (1943).

What is required, therefore, in order that a charitable bequest subject to a condition be deductible is, first, an ascertainable standard whereby the value of the charitable bequest may be determined as of the date of the settlor's death, and second, a sufficient showing by the party asserting the claim for deduction that the chance of the charitable bequest being rendered ineffective is "highly improbable." Regs. § 20.2055–2(b). That these two requirements must be satisfied is implicit in the cases. Commissioner of Internal Revenue v. Sternberger's Estate, 348 U.S. 187, 75 S.Ct. 229, 99 L.Ed. 246 (1955); Merchants Nat. Bank of Boston v. Commissioner of Internal Revenue, supra; United States v. Provident Trust Co., 291 U.S. 272, 54 S.Ct. 389, 78 L.Ed. 793 (1934); Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L. Ed. 647 (1929). If either is not fulfilled by the instrument here in question, and the surrounding circumstances, the deduction cannot be allowed.

There is some dispute between the parties as to the probative value of extrinsic circumstances in construction of the provisions of the trust agreement. However, taking the view most favorable to the defendant, the court believes that the provisions of ¶ 5 of the instrument, without reference to extrinsic facts, set out a sufficient standard under the rule referred to above.

In Ithaca Trust Co. v. United States, supra, an appeal from denial of a charitable deduction sought under the provisions of what is now § 2055(a) (2), the Supreme Court held that an instrument creating a trust for the life of the decedent's wife, with a remainder to certain charities, but which permitted invasion of the principal of the trust to any extent " 'that may be necessary to suitably maintain her in as much comfort as she now enjoys,' " contained a sufficient standard to permit deduction of the value of the charitable bequest. In so holding the court stated that:

" \* \* \* The principal that could be used was only so much as might be necessary to continue the comfort then enjoyed. The standard was fixed in fact and capable of being stated in definite terms of money. \* \* \*

There was no uncertainty appreciably greater than the general uncertainty that attends human affairs." (p. 154, 49 S.Ct. p. 291).

The rule in the *Ithaca* case was that the limitation on the invasion of the corpus of a trust in favor of the life beneficiary was sufficiently certain if it provided that such invasion could be made only to sustain the life beneficiary in the manner to which she had been accustomed at the death of the settlor. This rule is still the law. Commissioner of Internal Revenue v. Sternberger's Estate, supra, 348 U.S. at 199, 75 S.Ct. 229; Henslee v. Union Planters Nat. Bank & Trust Co., 335 U.S. 595, 598, 69 S.Ct. 290, 93 L.Ed. 259 (1949). It is applicable to the instrument at hand.

■ In the construction of an instrument such as is presented by this case, the court cannot regard the terms therein as having been expressed in a void, wholly disjointed one from the other, but must read the provisions as a whole in arriving at the settlor's intent. The provision in the instrument creating the trust which provides for the invasion of the corpus thereof is extensive. It permits invasion of the corpus in the sole discretion of the trustee. In the entire context of the document, this must be taken to mean that no party other than the trustee may exercise the right to determine if an invasion of the corpus should be made. This grant of power is not, however, unbridled nor without restraint. Rather it is provided by the settlor that, in determining whether such power shall be exercised, the trustee:

"* * * shall take into consideration that said Trust Estate is created by the Grantor for the purpose and with the intention of providing for the comfort, welfare, contentment and happiness of the Grantor's said wife throughout her lifetime, and in order that she may continue to live in the manner in which she has been accustomed to live * * *."

This language indicates that the corpus of the trust is not intended to be subject to invasion to satisfy the whim and notion of the life beneficiary, but rather that her welfare, comfort, contentment and happiness are to be determined with relation to that standard of living to which she had been accustomed at the time of the settlor's death. This criterion, imposed upon the exercise of the power to invade, is determinable and may be expressed in money. It satisfies the requirements of 26 U.S.C.A. § 2055 and the regulations adopted pursuant thereto. Ithaca Trust Co. v. United States, supra.

■ In the exercise of the granted power the trustee is required to preserve a fair balance between the interests of the life beneficiary and those of the remaindermen, and in such actions it is subject to judicial review and control. Thus there was "* * * established an ascertainable, external and judicially enforceable standard and * * * the trustees, in exercising such power, were limited by such standard and the supervision and control of the courts of Kansas in the exercise of their equity powers." United States v. Powell, 307 F.2d 821, 828 (10th Cir. 1962).

■ Having determined that the standards set out in the trust agreement governing the exercise by the trustee of his power to invade the corpus were sufficiently certain, there remains the question whether, at the time of the settlor's death, the circumstances then existing were such that the likelihood of that power ever being exercised prior to the termination of the trust was highly improbable. With regard to this question, the court finds from the undisputed facts that at the date of the settlor's death his widow was possessed of a personal estate more than twice the size of that constituting the corpus of the trust; that this estate alone produced income in excess of that required to maintain the widow's standard of living, such that the size of her personal estate increased during the period between her husband's death and her own; that she received outright a bequest of better than $100,000 from the settlor's estate; and that her standard of living was modest.

These were matters which the trustee was directed by the settlor to consider. Under these circumstances, the court finds that the possibility of invasion of the corpus by the trustee, considered as of the date of the settlor's death, was surely so unlikely as to be negligible. This is all that the law requires.

There is no dispute among the parties as to the amount of the refund to which plaintiffs would be entitled should this court find that the claimed deduction should be allowed. Having so found, and there remaining nothing further for determination, the court directs that the plaintiffs' motion for summary judgment be granted, and that the motion of the defendant be denied. It is so ordered.